**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHARLES O. AJUZIEM,<br><br>                     Plaintiff,<br><br>vs.<br><br>THOMAS PROFIT, et al,<br><br>                     Defendants. | Case No. 2:13-cv-01279-RCJ-NJK<br><br>**REPORT AND RECOMMENDATION**<br><br>(IFP App - Dkt. #3) |

      Plaintiff Charles O. Ajuziem ("Plaintiff") is proceeding in this action *pro se*. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* and submitted a complaint on July 19, 2013.[1]  This proceeding was referred to this court by Local Rule IB 1-9.

      On August 5, 2013, the Court issued an order denying Plaintiff's Application to proceed *In Forma Pauperis* without prejudice, because Plaintiff submitted an incomplete Application. Dkt. # 2. Specifically, the Court noted that Plaintiff had not responded fully to question 2 - namely, he stated that he receives $1444 per month in gross pay or wages, but failed to specify an amount for his take-home pay or wages. Additionally, the Court noted that Plaintiff had not responded fully to question 3– namely, he stated that he receives disability payments, but he failed to state the amount that he currently receives, or the amount he expects to receive in the future.  Finally, the Court found that Plaintiff had not responded fully to question 6– namely, he listed the type of monthly expenses he incurs, but failed to list the amount of any of the expenses other than food in his Application.

      The Court denied Plaintiff's Application, and allowed him until September 4, 2013, to file a

---

[1] The Court notes that Plaintiff's complaint is wholly deficient as Plaintiff has simply filed a complaint form with the parties' names and his signature, and nothing else.  As the Court finds that Plaintiff does not qualify to proceed *in forma pauperis*, however, the Court has not screened Plaintiff's complaint.

1  completed Application. On August 14, 2013, Plaintiff filed a new Application for Leave to Proceed *In
2  Forma Pauperis*. In the portion of his affidavit to which he declares the information is true under penalty
3  of perjury, Plaintiff states that he has $4,762.16 in cash or in a checking or savings account;[2] that he has
4  no housing, transportation, utilities, loan payments, or regular monthly expenses; that no persons are
5  dependent on him for support; and that he has no debts or financial obligations.[3]

6  Pursuant to 28 U.S.C. § 1914(a) and Judicial Conference Policy, a filing fee of $350.00, along with
7  an administrative fee of $50, is required to commence a civil action in federal district court. The court may
8  authorize the commencement of an action without prepayment of fees and costs or security by a person
9  who makes affidavit that he is unable to pay such costs or give security. *See* 28 U.S.C. § 1915(a).

10 Plaintiff has submitted the affidavit required by § 1915(a). The affidavit provides that Plaintiff
11 receives $1444 per month in take-home pay. Plaintiff also states that he has $4762.16 in cash or in a bank
12 account. Plaintiff states that he does not have any dependents, or monthly expenses. The court finds that
13 Plaintiff has sufficient income and assets to pre-pay the costs and fees of this action, and Plaintiff is
14 ineligible to proceed *in forma pauperis.*

15 Accordingly,

16 **IT IS RECOMMENDED** that Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. #3) be
17 **DENIED**, that Plaintiff be required to pay the filing fee of $350.00 and the administrative fee of $50, and
18 that failure to do so within the time set by the district judge should result in dismissal of this action.

19 . . . .
20 . . . .
21 . . . .
22 . . . .

---

[2] This amount is approximately $1,000 greater than the amount Plaintiff reported that he had in cash or in a bank account in his first Application.

[3] Plaintiff has filed some papers along with his affidavit that appear to contradict his declarations in the affidavit; however, unlike the statements in the affidavit, Plaintiff's other statements are not submitted to the Court under penalty of perjury.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated this 15th day of August, 2013.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE