UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES O. AJUZIEM, ) | |
|                     Plaintiff(s), ) | Case No. 2:13-cv-01279-JAD-NJK |
| vs. ) | REPORT AND RECOMMENDATION |
| THOMAS PROFIT, et al., ) | |
|                     Defendant(s). ) | |

After his application to proceed *in forma pauperis* was denied, Plaintiff paid the filing fee and filed a complaint on November 25, 2013. Docket No. 15.[1] The case has never proceeded beyond that point, however, as Plaintiff has not properly served Defendants. In light of Plaintiff's *pro se* status, the Court has endeavored to explain the service requirements and urged Plaintiff to seek guidance at the "Federal Ask-A-Lawyer" program. Docket Nos. 30, 35. In conjunction with that guidance, the Court provided a generous period of time to effectuate service, which most recently expired on September 2, 2015. Docket No. 35 at 2.

Currently before the Court is an order for Plaintiff to show cause why the case should not be dismissed for failure to effectuate service. *See* Docket No. 40. Plaintiff filed a response, attaching various documents. Docket No. 41. Contrary to the applicable rule and the Court's prior instructions,

---

[1] Because Plaintiff paid the filing fee in this case, the undersigned did not screen his complaint pursuant to 28 U.S.C. § 1915. The undersigned notes that the complaint is deficient in that it contains no factual allegations of any kind but rather attaches certain documents without explanation of their pertinence.

Fed. R. Civ. P. 4(c)(1); Docket No. 30 at 2, the proof of service does not show that the complaint in this case was served, but rather that the summons, charge of discrimination, and E.E.O.C. intake form were served. *See* Docket No. 41 at 2. In short, Plaintiff has been given ample time to properly effectuate service in this case and file a proof of service evidencing the same, but he has not done so. The undersigned **RECOMMENDS** that this case be **DISMISSED** without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: December 28, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).